

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0027-21

### THE STATE OF TEXAS

### v.

### JOHN WESLEY BALDWIN, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY, KEEL and SLAUGHTER, JJ., joined.

I agree with the Court that (so-called) boilerplate language in a probable-cause affidavit about cell phones can be considered by a court but must be coupled with other facts and reasonable inferences to establish a nexus between the device and the offense. But I disagree with the Court's conclusion that the affidavit in this case failed to establish a nexus.

The probable-cause affidavit included the following non-generic, particularized facts that I believe established a nexus between the phone and the offense. The affidavit described a robbery

and murder committed by two black males. The offenses took place at a home in a neighborhood that consisted of a circling boulevard with multiple small cul-de-sacs off the main street. The neighborhood was accessible from only one street. The murder victim's brother saw the men who had committed the crime flee the scene in a white, four-door sedan. The day before the murder, a neighbor saw a white, four-door Lexus sedan, occupied by two black males, suspiciously circling several times through the neighborhood, including driving by the house where the murder later occurred. This neighbor took a photograph of the car's license plate number. Shortly after the murder, a different neighbor saw a white, four-door sedan leave the neighborhood at a high rate of speed. Another neighbor who lived two and a half blocks from the murder saw a white Lexus GS300 lap his house three times on the day of the murder. Surveillance videos from the neighborhood on the day before and the day of the murder showed a car similar in appearance to the car with the license plate in the photo. On the day of the murder, the video showed the car circling the neighborhood and pausing in front of a house a few doors down from the scene of the murder. Four days later, the car with that license plate was stopped and, with consent, was searched. Appellee was the driver, and his cell phone was found in the car during that search.

The Court agrees that the car Appellee was driving was itself sufficiently linked to the robbery and murder. The cell phone was found in that car. The cell phone's presence in Appellee's car that was linked to the crime is itself a fact linking the phone to the crime.[1]

---

[1] *United States v. Johnson*, 726 Fed. Appx. 393, 403 (6th Cir. 2018), *vacated on other grounds*, 139 S. Ct. 2772 (2019) (phone found at residence at which marijuana was being grown); *People v. Reyes*, 174 N.E.3d 127, 140 (Ill. App. [2d Dist.] 2020), *appeal denied*, 169 N.E.3d 346 (Ill. 2021), *cert. denied*, 142 S. Ct. 295 (2021) (upholding search of phone pursuant to warrant and remarking, "The discovery of the phone in his car also supports the inference that it was there during the offenses. Hence, Judge Collins reasonably could infer that the phone contained evidence of the offenses, because (1) it was recovered from defendant's car or, alternatively, (2) defendant carried

And the crime here–capital murder– was committed by two people, acting together over the course of two days, and it was the kind of crime that involves coordination, so cell phone use would be expected. There could be crimes that would be less likely to involve the use of a cell phone and might not support probable cause to search.[2] But it should come as no surprise that a cell phone would be used in the planning and commission of a crime such as the one before us,[3] at least when the defendant had an accomplice.[4]

Finally, I agree with the dissenting opinion in the court of appeals that "[i]t is common for suspects to communicate about their plans via text messaging, phone calls, or through other communication applications."[5] As the dissent put it:

> This statement establishes that criminal suspects use cellphones for planning purposes, and that fact has some bearing here because the affidavit established that the capital murder was committed, not by a lone wolf, but by two men acting in concert who prepared for the offense over the course of two days. The magistrate could have reasonably concluded that this joint activity required a certain level of coordination and communication, the evidence of which might be discovered on a

---

it on his person and he was at the crime scene."); *Carter v. State*, 105 N.E.2d 1121, 11-28-29 (Ind. App.), *transfer denied* (Ind. 2018) (court found sufficient nexus between drug dealing and cell phone because drugs were found with defendant in vehicle and cell phone was recovered from defendant); *State v. Every*, 274 So.3d 770, 782-83 (La. App. [5th Cir.]), *writ denied,* 274 So.3d 1260 (La. 2019) (phone that was found in car and belonged to the defendant was determined to have sufficient connection to murder and robbery given armed entry by defendant and co-defendant together).

2 If the crime had been, say, evading arrest in a vehicle, the presence of a phone in the car might not be significant.

3 *See United States v. James*, 3 F.4th 1102, 1105 (8th Cir. 2021) (upholding search warrant to search cell tower records to identify possible robber from cell phone hits at various robbed locations).

4 *See supra* at n.1 (citing *Every*).

5 *State v. Baldwin*, 614 S.W.3d 411, 425 (Tex. App.—Houston [14th District] 2020) (Christopher, J., dissenting).

cellphone.[6]

I would hold that the particularized facts described above, coupled with what we know about how cell phones are used, were sufficient to establish probable cause to search the cell phone.

I respectfully dissent.

Filed: May 11, 2022

Publish

---

[6] *Id.*